UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA PACCHETTI, | |
| Plaintiff, | No. 18 C 5650 |
| v. | Judge Thomas M. Durkin |
| STEAK N SHAKE OPERATIONS, INC.; STEAK 'N SHAKE ENTERPRISES, INC.; and STEAL 'N SHAKE, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Donna Pacchetti alleges that defendant Steak 'N Shake negligently maintained a sidewalk entry to one of its restaurants causing her to trip and fall and injure her arm. Defendants have moved for summary judgment. R. 52. That motion is granted.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th

Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Local Rule 56.1 requires non-movants to admit or deny factual statements asserted by the movant. The factual statements and any denials must be supported with reference to the factual record. Any denials not properly supported are deemed admissions. The facts recited in the following background section are either admitted by Pacchetti or deemed admitted because Pacchetti denied them without reference to the factual record.

## Background

On August 14, 2016, Pacchetti had lunch with a friend at a Steak N' Shake restaurant they had been to several times before. R. 59 ¶ 8. After lunch, Pacchetti's friend left the restaurant, and Pacchetti stayed to pay the bill. *Id.* ¶ 12. The exit Pacchetti used opened onto a sidewalk that paralleled the restaurant's south wall on the left, separated by a section of landscaping filled with lava rock mulch. *Id.* ¶¶ 11, 13-14. The lava rock was a different color than the sidewalk. *Id.* ¶ 22. To the right of the sidewalk was a section of the parking lot. *Id.* ¶¶ 11, 13-14. As the sidewalk proceeded away from the door, it sloped down and then up again to accommodate wheelchair access from the parking lot on the right. *Id.* ¶¶ 11, 13-14. As the sidewalk sloped down, a curb between the sidewalk and the landscaping bed on the left remained level, such that at the sidewalk's lowest point the curb was five inches higher than the sidewalk. *See id.* ¶¶ 11, 13-14; R. 31-2 at 53-55; R. 54-4 at 37-39. This

curb was painted yellow. *Id.* ¶¶ 17, 34; R. 54-4 at 37-39. As the sidewalk sloped up again, the height of the curb decreased, and it was eventually less than an inch higher than the sidewalk. *See* R. 31-2 at 53-55; R. 54-4 at 37-39.[1]

At the corner of the building, the sidewalk turned left at a 90-degree angle around the southeast corner of the restaurant. Pacchetti's car was parked around that corner on the east side of the restaurant. R. 59 ¶ 11. Pacchetti testified that the sidewalk was clear as she walked along it. R. 54-5 at 12 (43:3-6). Pacchetti told an investigator for Steak 'N Shake that as she turned left heading for her car, she cut the corner and tripped over the landscaping area. R. 57 (audio recording); *see also* R. 59 ¶¶ 17-18, 21. A security camera recording confirms this account. R. 57 (video recording).[2] Pacchetti fell, injuring her arm.

## Analysis

Pacchetti claims "that Defendant was negligent in failing to maintain the means of ingress and egress, to and from, the restaurant in a reasonably safe condition for the use of the customers entering and exiting the restaurant." R. 60 at 2. The duty to maintain a reasonably safe means of ingress and egress is recognized under Illinois law. *See Hornacek v. 5th Avenue Prop. Mgm't*, 959 N.E.2d 173, 183 (Ill.

---

[1] Appended to this opinion and order are photos of the curb that were exhibits for Pacchetti's deposition. *See* R. 54-4 at 37-39.

[2] The camera's vantage point was around the corner on the east side of the restaurant, so the video does not clearly show how Pacchetti tripped. But the recording is consistent with her statement that she cut the corner. Additionally, Pacchetti does not dispute Defendants' assertion that the video shows that she cut the corner of the landscaping bed. *See* R. 59 ¶¶ 17-18, 21. Hence, that assertion is admitted for purposes of summary judgment.

3

App. Ct. 1st Dist. 2011). This duty is not limited to an owner of a premises, but also extends to the occupant of the premises, including Defendants in this case. *See Bloom v. Bistro Rest. Ltd. P'ship*, 710 N.E.2d 121, 124 (Ill. App. Ct. 1st Dist. 1999).

It is undisputed that Defendants provided a sidewalk from the restaurant's entrance to the parking lot. Pacchetti testified that this sidewalk was clear of obstacles at the time of her fall. Therefore, Defendants satisfied their duty to provide a reasonably safe means of ingress to and egress from the premises.

Beyond the duty to provide a safe means of ingress and egress, Illinois law provides that a possessor of land owes its invitees a common law duty of reasonable care to maintain its premises in a reasonably safe condition. *See Deibert v. Bauer Brothers Constr. Co.*, 566 N.E.2d 239, 437 (Ill. 1990). No duty arises, however, unless the harm is reasonably foreseeable. *See Renslow v. Mennonite Hospital*, 367 N.E.2d 1250, 1253 (Ill. 1977). "Whether a duty [exists] under a particular set of circumstances is a question of law for the court to decide." *Hougan v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 999 N.E.2d 792, 797 (Ill. App. Ct. 2d Dist. 2013). The duty inquiry "involves four factors: (1) the reasonable foreseeability of the injury; (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing the burden on the defendant." *Vancura v. Katris*, 939 N.E.2d 328, 347 (Ill. 2010).

Pacchetti argues that "[i]t is unreasonable to believe that people aren't going to save a step or two by cutting across the corner to head for their cars." R. 60 at 5. But Illinois courts disagree with this argument. *See Teer v. Cole XP Schaumburg IL,*

4

*LLC*, 2018 WL 943282, at *9 (Ill. App. Ct. 1st Dist. Feb. 14, 2018); *Rogers v. Matanda, Inc.*, 913 N.E.2d 15, 19 (Ill. App. Ct. 3d Dist. 2009); *Seipp v. Chi. Trans. Auth.*, 299 N.E.2d 330, 334 (Ill. App. Ct. 1st Dist. 1973). These courts have held that when a property owner provided a safe path of ingress and egress, and the plaintiff decided to leave that path, the property owner was not liable for other dangers on the property. These cases dictate the outcome here.

Moreover, even if Defendants should have known that people would cut the corner, and assuming that the landscaping conditions can be characterized as dangerous, the undisputed facts show that Defendants adequately warned pedestrians of this alleged danger. The curb was painted yellow and the mulch was a different color from the sidewalk, both serving to highlight the different surfaces. To require anything more from Defendants would effectively prohibit them from maintaining a landscape bed next to a sidewalk. Defendants are entitled to rely on a pedestrian's ability to recognize the presence of a curb and a landscape bed and to understand that a landscape bed is not as stable a walking surface as a sidewalk.

At bottom, none of the conditions Pacchetti encountered outside the restaurant was unusual, let alone dangerous. Defendants provided a clear sidewalk, bordered by curbs and landscaping, which are very common conditions pedestrians regularly confront. Pacchetti chose to walk across a curb and through the landscaping. That was her fault, not Defendants'.

5

**Conclusion**

Therefore, Defendant's motion for summary judgment [52] is granted.

                ENTERED:

                *Thomas M. Durkin*
                _____
                Honorable Thomas M. Durkin
                United States District Judge

Dated: December 17, 2020




EXHIBIT 4

Case: 1:18-cv-05665 Document #: 464 Filed: 06/30/20 Page 88 of 95 PageID #:5752



PENGAD 800-631-6989

EXHIBIT
Pacchetti 2
2-13-19

EXHIBIT 4



EXHIBIT 4